# No. 25-2985
_____

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT
_____

Demona Freeman,

    *Debtor-Appellee*,

  v.

PHH Mortgage Corporation, successor
by merger to Ocwen Loan Servicing, LLC.,

    *Defendant-Appellants.*

---

Appeal from the United States District Court
for the Southern District of Indiana
Case. No. 1:24-cv-01416-JPH-KMB
The Honorable Judge James Patrick Hanlon

_____

## RESPONSE BRIEF OF APPELLEE DEMONA A. FREEMAN

## TO PHH MORTGAGE CORPORATION'S JURISDICTIONAL MEMORANDUM
_____

Travis W. Cohron
Clark, Quinn, Moses, Scott & Grahn, LLP
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
(317) 637-1321
tcohron@clarkquinnlaw.com
*Counsel for Debtor-Appellee*

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | Introduction | 4 |
| II. | Jurisdictional Statement | 4 |
| III. | Conclusion | 5 |
| | Certificate of Compliance | 6 |
| | Certificate of Service | 7 |

# TABLE OF AUTHORITIES

**Cases**
*United States v. Funds in the Amount of $574,640*, 719 F.3d 648 (7th Cir. 2013) ...............................4
*Bankers Tr. Co. v Mallis*, 435 U.S. 381 (1978) .................................................................................4
*Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773 (11th Cir. 2007) ..................5
*Perry v. Sheahan*, 222 F.3d at 318 (7TH Cir. 2000) ....................................................................... 4

**Statutes**
28 U.S.C. § 1291 ............................................................................................................................. 4

## I. INTRODUCTION

This appeal arises from the district court entering an order (the "Order") reversing the bankruptcy court's granting of summary judgment in favor of PHH as to Freeman's motion for sanctions. Specifically, the district court concluded the bankruptcy court erred in its application of collateral estoppel: "Those rulings—expressly limited to standing for Ms. Freeman's FDCPA claim—therefore cannot, as a general rule, support collateral estoppel on the merits. *Perry*, 222 F.3d at 318; *cf. Funds in the Amount of $574,840*, 719 F.3d at 652 ("A claim may be valid, but if it is brought in the wrong court that court has no authority to determine its validity; the case is therefore dismissed without prejudice and so can be refiled in a different court.")." Order at 6. In doing so, the district court remanded this matter to the bankruptcy court for further proceedings and entered a "final judgment" in favor of Freeman.

## II. JURISDICTIONAL STATEMENT

The court of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291. "A 'judgment' for purposes of the Federal Rules of Civil Procedure would appear to be equivalent to a 'final decision' as that term is used in 28 U.S.C. § 1291." *Bankers Tr. Co. v Mallis*, 435 U.S. 381, 384 n.4 (1978).

In this matter, it is unequivocal that the district court's order was not a "final decision", final judgment was entered in error, and this appeal should be dismissed for lack of jurisdiction. *See, e.g., Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 775 (11th Cir. 2007). As in *Lloyd*, the district court's order did not dispose of any one claim in its entity nor find "no just reason for delay" with respect to any claim or issue. *Id.* at 778 (noting that only after determining whether the district court's order constituted a "final judgment" need the court "fret over whether the district court abused its discretion in determining there was no 'just reason for delay' in entering judgment").

4

Instead, the district court specifically remanded this matter to the bankruptcy court for further proceedings and to confront issues "in the first instance." Order at 8.

### III. CONCLUSION

For the foregoing reasons, Debtor-Appellee Demona Freeman respectfully requests this Court find that it does not have jurisdiction over this appeal.

Respectfully submitted,

/s/ *Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**CLARK, QUINN, MOSES, SCOTT, & GRAHN, LLP**
320 N. Meridian Street, Suite 1100
Indianapolis, IN 46204
(317) 637-1321
tcohron@clarkquinnlaw.com
*Counsel for Plaintiff-Appellant*

CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) because it contains 405 words, excluding the parts exempted by Rule 32(f). This brief complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Baskerville font.

/s/ *Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**CLARK, QUINN, MOSES, SCOTT, & GRAHN, LLP**
*Counsel for Debtor-Appellee*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

<u>/s/ Travis W. Cohron</u>
Travis W. Cohron, No. 29562-30
**CLARK, QUINN, MOSES, SCOTT, & GRAHN, LLP**
*Counsel for Debtor-Appellee*