# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

| Everett McKinley Dirksen | | Office of the Clerk |
| United States Courthouse |  | Phone: (312) 435-5850 |
| Room 2722 - 219 S. Dearborn Street | | www.ca7.uscourts.gov |
| Chicago, Illinois 60604 | | |

**ORDER**

January 7, 2026

Before

CANDACE JACKSON-AKIWUMI, *Circuit Judge*
JOHN Z. LEE, *Circuit Judge*
JOSHUA P. KOLAR, *Circuit Judge*

| | |
|---|---|
| No. 25-2985 | DEMONA FREEMAN,<br>    Debtor - Appellee<br><br>v.<br><br>PHH MORTGAGE CORPORATION,<br>    Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:24-cv-01416-JPH-KMB<br>Southern District of Indiana, Indianapolis Division<br>District Judge James P. Hanlon | |

On consideration of the papers filed in this appeal and review of the short record,

**IT IS ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction.

Generally, this court's jurisdiction in bankruptcy cases is limited to final decisions, judgments, orders, and decrees entered by the district court under 28 U.S.C. § 158(a). *See* 28 U.S.C. § 158(d)(1). A final decision is one that conclusively resolves a stand-alone dispute within the bankruptcy, leaving "no more work for the bankruptcy judge to do" with respect to that dispute. *In re Anderson*, 917 F.3d 566, 569–70 (7th Cir. 2019).

In this case, the district court reversed the entry of summary judgment for PHH Mortgage Corporation and remanded to the bankruptcy court for further proceedings on the motion to hold PHH in contempt. An order reversing a final judgment of the bankruptcy court and remanding for resolution of issues of fact is not final within the meaning of § 158(d). *See In re Rockford Prods. Corp.*, 741 F.3d 730, 733 (7th Cir. 2013). The

fact that the district court entered on the docket a "Final Judgment under Federal Rule of Civil Procedure 58"—rather than under the more readily applicable Rule 8024 of the Federal Rules of Bankruptcy Procedure—does not affect this court's jurisdiction, which depends on § 158, not the Rules. *See, e.g.*, *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004) ("[A] district court's label cannot convert an otherwise non-final judgment into a final judgment …."); *Edgewater Found. v. Thompson*, 350 F.3d 694, 696–97 (7th Cir. 2003) (dismissing appeal and noting "[r]emands usually are not appealable, because they are not 'final' decisions," despite district court's express statement "this is a final and appealable order").

Because we lack appellate jurisdiction, we also necessarily lack the authority to remand this proceeding to the district court as appellant requests and must instead dismiss the appeal. *See Jaquez v. United States*, 36 F.4th 725, 728 (7th Cir. 2022). This court expresses no opinion whether the district court's remand order could be rendered appealable on a permissive interlocutory basis.

form name: **c7_Order_3J**     (form ID: **177**)